IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
JUDGE WALKER D. MILLER

Criminal Action No.  02-CR-541-WM

UNITED STATES OF AMERICA,

    Plaintiff,

v.

1.  PAUL D. HARRIS,
2.  LESTER N. RETHERFORD,
3.  ROBERT BEDFORD,

    Defendants.

## ORDER ON MOTION FOR NEW TRIAL

Miller, J.

On November 4, 2005, defendant Paul Harris filed a Motion for New Trial, asserting that the government failed to provide evidence of payments to witnesses, in violation of *Brady v. Maryland*, 373 U.S. 83 (1963), and *Giglio v. United States*, 405 U.S. 150 (1972), and that materials provided by the government with its Motion for Costs of Prosecution, which concern the witness payments, constitute newly discovered evidence requiring a new trial pursuant to Fed. R. Crim. P. 33(a).  The government opposes the motion.  For the reasons that follow, the motion will be denied.

Rule 33(a) provides that, "[u]pon the defendant's motion, the court may vacate any judgment and grant a new trial if the interest of justice so requires."  Harris argues that information regarding certain of the government's payments to its witnesses was disclosed only after trial, in its Motion for Costs of Prosecution.  He contends the information was

required to have been provided prior to trial pursuant to the *Brady* and *Giglio* doctrines to permit counsel to cross-examine the witnesses regarding these payments.

To prevail on his motion for new trial based on newly discovered evidence, Harris must show:

> (1) the evidence was discovered after trial; (2) the failure to learn of the evidence was not caused by his own lack of diligence; (3) the new evidence is not merely impeaching; (4) the new evidence is material to the principal issues involved; and (5) the new evidence is of such a nature that in a new trial it would probably produce an acquittal.

*United States v. Combs*, 267 F.3d 1167, 1176 (10th Cir. 2001) (quoting *United States v. Sinclair*, 109 F.3d 1527, 1531 (10th Cir. 1997)).  To establish a *Brady* violation, Harris must demonstrate that "(1) the prosecution suppressed evidence, (2) the evidence was favorable to [Harris], and (3) the evidence was material."  *Id.* at 1172.  Harris's *Brady* claim is a "subspecies" of the newly discovered evidence issue.  *United States v. Quintanilla*, 193 F.3d 1139, 1148 n.9 (10th Cir. 1999).

In his motion, Harris targets certain payments made by the government to witnesses who testified at trial.  In particular, he contends the government failed to disclose payments of "incidentals", "per diem" charges, travel and hotel charges, and witness fees.  He asserts that some of the witnesses denied the existence of such payments in front of the jury.

The government responds that each of the payments challenged by Harris is required to be paid by federal law.  28 U.S.C. § 1821 mandates that a witness who testifies in "any court of the United States" be paid an attendance fee of $40 per day; the actual expenses of travel or a travel allowance; expenses for taxicab fares, toll charges, and

parking fees; and a subsistence allowance when an overnight stay is required.  *See also* 28 C.F.R. § 21.4.  The government also points out that several of these payments were not made to the witnesses until after they had testified because the amounts due could not be calculated earlier.

The primary case Harris relies on is *United States v. Sipe*, 388 F.3d 471 (5th Cir. 2004), where the Fifth Circuit upheld the grant of a new trial based on the government's failure to disclose benefits provided to testifying witnesses.  Although the government had revealed that the witnesses, who were non-United States citizens, were permitted to live and work in the United States pending trial, it had not disclosed that the witnesses had received Social Security cards, witness fees, travel and living expenses, travel permits, and some telephone expenses.  *Id.* at 488.  The Fifth Circuit found the question to be a close one but affirmed the trial court, based in part on the facts that the government had affirmatively misrepresented the scope of the benefits provided and that the undisclosed evidence was not merely cumulative of other evidence.[1]  *Id.* at 488, 489.

*Sipe* concerned benefits and payments far beyond those at issue here.  Further, neither the government nor its witnesses could have disclosed payments that were not made until after the witnesses testified at trial.

Harris cannot meet the Tenth Circuit's standards for a Rule 33 motion.  Because the payments at issue are established and required by statute, counsel for Harris should have known that the government would make the payments.  "The procedure for paying of

---

[1] The government stated that "no other promises or advantages" had been given to the aliens other than permission to remain and work in the United States pending trial.  388 F.3d at 488.

3

witness fees is public information." *Wicker*, 933 F.2d at 293.

In addition, the evidence at issue is merely impeaching. *See United States v. Wicker*, 933 F.2d 284, 292 (5th Cir. 1991) (information regarding witness fees constitutes impeachment evidence as contemplated by *Giglio*).

Finally, the evidence is neither material to the principal issues of the case nor of such a nature that, at a new trial, it would probably produce an acquittal. At the trial, counsel for Harris and his co-defendants cross-examined the government witnesses extensively on impeachment issues, including other payments and favorable plea bargains. The addition of the evidence that the government complied with its statutory duty to pay and reimburse the witnesses would not add appreciably to the impeachment value of the evidence already introduced.

With regard to the *Brady* issue, the public nature of the information at issue precludes any disclosure violation. "Evidence cannot be regarded as 'suppressed' by the government when the defendant has access to the evidence before trial by the exercise of reasonable diligence." *United States v. White*, 970 F.2d 328, 337 (7th Cir. 1992). Therefore, the government did not suppress the evidence in violation of *Brady* or *Giglio*.

Harris filed a motion for disclosure of *Brady* and *Giglio* information in connection with his motion for new trial, asking the government to provide the materials from which it calculated the payments made to witnesses. Although the government objects to the motion, it indicates in its response that it will send the requested materials to Harris's counsel. The provision of these materials renders the motion for discovery moot.

Accordingly, it is ordered:

4

1. Harris's Motion for New Trial, filed November 4, 2005, is denied.

2. Harris's motion for discovery of *Brady* and *Giglio* information, filed November 4, 2005, is moot.

DATED at Denver, Colorado, on December 9, 2005.

BY THE COURT:


/s/ Walker D. Miller
United States District Judge