IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Walker D. Miller

Criminal Action No. 02-CR-00541-WDM

UNITED STATES OF AMERICA,

    Plaintiff,

v.

1.  PAUL D.  HARRIS,

    Defendant.

_____

**ORDER**
_____

    Defendant Paul D. Harris has filed a Motion to Proceed in Forma Pauperis and for Payment of Transcripts at Government Expense and has requested that counsel be appointed by the United States Court of Appeals for the Tenth Circuit.  The Court of Appeals has requested that this court determine the eligibility of the defendant for these matters.

    In support of his motion, defendant has submitted a form CJA 23 Financial Affidavit which indicates the defendant does not own any assets but is a trustee of trusts which own assets of minimal value.  His presentence investigation report indicates that he had limited assets of approximately $6,000 in bank accounts and that the vehicles he and his wife drove and their home were in "an asset protection trust under the name Resurrection Ranch."

    Given the defendant's participation in schemes to remove monies from the

United States to other countries to avoid income tax and the use of entities and trusts to conceal income and ownership of assets, I find the bare-boned responses and information provided inadequate for me to make an intelligent and informed determination of the defendant's eligibility appointed counsel and other relief pursuant to 18 U.S.C. § 3006A.

I also recall that, prior to trial, defendant and his counsel sought Criminal Justice Act funds to pay for daily transcripts during trial. At an *ex parte* hearing to inquire as to his eligibility, the defendant was not fully responsive to my questions concerning his assets and income. Rather than responding to my follow-up questions, defendant in consultation with his counsel withdrew his pretrial request. Without searching the transcripts my recollection is that I made it clear to defendant and his counsel that the denial of the request was without prejudice.

With this background, I conclude that I cannot properly determine whether the defendant's "net financial resources and income are insufficient to enable him to obtain qualified counsel" (Guide to Judiciary Policies and Procedures, Vol. VII, § 2.04) or is entitled to obtain payment of transcripts pursuant to 28 U.S.C. § 753(f) without further inquiry of the defendant under oath.

Accordingly, it is ordered that these matters are set for hearing on **May 5, 2006, at 8:30 a.m.** in the Alfred A. Arraj United States Courthouse, 901 19th St. Courtroom A902.

DATED at Denver, Colorado, on March 29, 2006.

BY THE COURT:


s/ Walker D. Miller
United States District Judge